■ ANGELINA SINICROPI, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated October 24, 1978, which affirmed a determination of the State Division of Human Rights dismissing the complaint upon a finding of no probable cause. Order confirmed and proceeding dismissed, without costs or disbursements. The action of the State Division of Human Rights was well within its statutory powers and was not arbitrary or capricious. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.

■ MARION TREVISANO et al., Appellants, v PENINSULA HOSPITAL CENTER, Respondent, et al., Defendant.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated September 27, 1978, which denied their motion to compel the defendant hospital to accept service of a supplemental bill of particulars. Order reversed, without costs or disbursements, and motion granted. Plaintiffs' time to serve the supplemental bill of particulars is extended until 20 days after entry of the order to be made hereon. In the circumstances disclosed, it was an abuse of discretion to deny the plaintiffs' motion. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ JOSEPH WELCOME, Respondent, v IRVING GOLDMAN et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Suffolk County, dated April 25, 1978, which granted plaintiff's motion for summary judgment on the issue of liability and directed an assessment of damages. Order reversed, on the law, with $50 costs and disbursements and motion denied. In this negligence action, there is at least a question of fact as to plaintiff's contributory negligence. Under the circumstances, summary judgment should not have been granted. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ In the Matter of the Estate of OLGA AHO, Deceased. JOSEPH A. PORCELL, Appellant; STELLA CROWLEY et al., Respondents.—In a proceeding for the issuance of preliminary letters testamentary, petitioner appeals from an order of the Surrogate's Court, Westchester County, dated August 30, 1978, which directed that preliminary letters testamentary be issued to The Bank of New York. Order affirmed, with $50 costs and disbursements payable to The Bank of New York by the appellant personally. The Surrogate was empowered under the statute to grant preliminary letters testamentary to The Bank of New York and, in the exercise of his discretion, properly did so. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.